## No. 15,226.

### THE PEOPLE *v.* WOLFF.
(137 P. [2d] 693)

Decided March 15, 1943. Opinion modified and petition for rehearing denied April 26, 1943.

Mr. JAMES T. BURKE, District Attorney, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

Mr. ORION W. LOCKE, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there.

The questions presented are, the proper procedure in criminal cases under our habitual criminal statutes, i.e., sections 551, 552, 553, and 554, of chapter 48, '35 C.S.A., and the effect, if any, of our resolution thereof on the judgment in the instant case.

The original information herein charged, in a single count, that defendant had committed a burglary in Denver and had theretofore been twice convicted of burglary in Colorado and once of murder in the second degree in Missouri. A motion to quash was denied and a motion to separately state was granted. An amended information consisted of three counts, the first of which charged the last Colorado burglary, the substantive offense, with force; the second the same offense without force; the third the former convictions in Colorado and Missouri. On trial to a jury the second count was withdrawn by order of court, tendered evidence of the Missouri conviction excluded as incompetent, and the evidence thereof held insufficient. The cause was submitted on the substantive offense only and a verdict of guilty returned and the jury discharged. Two months later, to a separate jury, the charge of the two former

Colorado convictions was tried. That jury found that those convictions, of the identical defendant, had occurred as charged. Thereupon the court sentenced defendant to twelve to thirty years in the state penitentiary where he now is. All adverse rulings were duly excepted to by the people and defendant respectively.

The penalty for burglary is confinement in the penitentiary from one to ten years. '35 C.S.A., c. 48, §82. For a second offense the penalty is "not less than one-third the longest term, nor more than twice the longest term, prescribed upon a first conviction." §551, id. For a third offense the penalty is, "a term not less than the longest term, or more than three times the longest term prescribed upon a first conviction." §552, id. Section 553, id., relates to a fourth offense, not now here involved, and section 554, id., relates to procedure.

The people assign as error the order to separately state and the order discharging the first jury and submitting the question of prior convictions to. a second jury. In these defendant concurs by cross assignments and also assigns the order denying the motion to quash.

■ Under section 500, chapter 48, '35 C.S.A., the district attorney is authorized to raise, by writ of error, such questions as those presented by his assignments, but that right must of course be predicated upon the theory that the errors committed were prejudicial to the people. As applied to the instant case they were not. The people sought defendant's conviction of burglary by force. He was so convicted and is serving his sentence. They also sought an increased penalty because of two prior convictions. The court so found and he was so sentenced and is serving that sentence; hence the people are not prejudiced by the alleged errors.

■ Under defendant's assignments his contention is that he was deprived of a speedy trial and he now insists that for that reason the judgment should be set aside and, since having served a portion of his term he has been in jeopardy, he is entitled to discharge. But

since no other errors are assigned and no evidence is contained in this record, and since he does not dispute the fact that he was guilty of all the burglaries charged and found by the trial court, he is not prejudiced unless deprived of a speedy trial. That delay, however, was only for two months and under all the authorities, and the facts here presented, this constitutes no such denial. It therefore appears that, strictly construed, there is nothing reviewable here either on defendant's cross errors or the people's assignments under said section 500.

It is however alleged by the people that the submission of the charges to different juries was erroneous and a grave injustice to the people, involving as it did much additional and unnecessary labor and expense; and that the proper procedure in such cases is in dispute, unsettled, and so disconcerting to trial courts and prosecutors that by reason thereof the habitual criminal statutes are often not invoked when they should be; hence our construction of the statute and a clarification of this procedure is indispensable to the ordinary and effective prosecution for crime in all cases of repeaters.

■ The condition thus presented is deserving of the most serious consideration and calls for our construction, if possible, in the instant case. We think such construction is possible under the following specific provision of our Constitution: "The supreme court, * * * shall have a general superintending control over all inferior courts * * * ." Colo. Const., Art. VI, §2. We proceed accordingly.

■■ That the motion to separate was properly sustained requires no citation of authority. The orderly progress of the trial and a return of intelligible verdicts demands it. Several prior convictions might be relied upon, some sustained by the evidence, others not. Or it might be that all were sustained by the evidence but the substantive charge not. Unless each is properly alleged in a separate count confusion would almost inevitably

result. Where, as here, more than one prior conviction is alleged in the same count and the verdict sustains each, no error ensues.

If at the time of trial the state has no knowledge of former convictions the procedure is clearly outlined by section 554, supra. If the state has that knowledge and intends to take advantage of such conviction, it is in duty bound to make the charge and try the entire case as one. No possible reason can be conceived for a separation and none is indicated by statute. To proceed otherwise is clearly error, if prejudicial, reversible. *Smalley v. People,* 96 Colo. 361, 43 P. (2d) 385. Had the rule therein laid down been adhered to the error here complained of by the people would have been obviated.

The double trial here resorted to was error, but without prejudice to the people, and, as above indicated, that error was not argued by counsel for defendant and, technically considered, not within his assignments. The people's third assignment reads: "That the trial court erred in discharging the jury after a verdict of guilty of burglary with force had been entered." As to that defendant simply says, "We join." However, such is not in fact the error of which either complain. The first was in holding that the issue of guilt on the principal charge, and that of former conviction, should be separately tried; the second was in proceeding with a separate trial after verdict of guilty in the first. In his original argument counsel for defendant simply says, "The sentence imposed in this case is in excess of the term authorized by law," and in his motion for a rehearing he ignores the evident errors entirely, merely contending that the habitual criminal statute has heretofore been generally ignored by prosecutors and his client should be accorded like clemency. Nevertheless, because of the length of the sentence and the possibility that defendant may have been prejudiced we elect to overlook technical defects and assume that the error appearing is properly assigned and relied upon.

Since under the circumstances the charge of former conviction could only be tried at the same time and to the same jury as the principal charge, when verdict was returned on the latter alone the court had no jurisdiction to proceed on the former, but should have imposed sentence. Had that course been followed the penalty would have been from one to ten years imprisonment instead of from twelve to thirty. It thus appears that the sentence pronounced was at least two years in excess of the court's power. It may be that had both issues been submitted to the first jury verdicts and sentence would have been identical with those before us. But not only do we question our right to so hold but we are convinced that defendant was entitled to take advantage of the first error and insist that it could not be cured by the second.

An opinion having been heretofore handed down affirming the judgment and a motion for rehearing filed and considered, and the court being now convinced that that opinion should be modified as above indicated:

It is therefore ordered that the motion for rehearing be denied, that the judgment of the lower court be set aside, the proceedings in the second trial vacated, and defendant returned and sentenced under the first verdict.