## No. 26304

## The People of the State of Colorado v. Ernest Samora
(532 P.2d 946)

Decided March 17, 1975.

J. E. Losavio, Jr., District Attorney, Cecil Turner, Assistant, David E. Ware, Assistant, for plaintiff-appellant.

Laurence A. Ardell, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was charged with first-degree arson and conspiracy to commit first-degree arson. These crimes were allegedly committed by the defendant and one Gettler in the Pueblo County Jail where they were being held in custody on other matters. The jury found the defendant not guilty of arson, but guilty of conspiracy. The trial court granted the defendant's motion for judgment of acquittal on the conspiracy charge in reliance on *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966). The district attorney then perfected this appeal. We affirm.

*Robles* announced the rule that acquittal of a substantive offense forecloses conviction on a conspiracy charge if, and only if, the evidence relied upon to establish the existence of the conspiracy was also the only evidence used to prove the substantive offense. This rule, reaffirmed repeatedly by this court, is now embodied in statutory law. Section 18-2-206, C.R.S. 1973. *People v. Incerto,* 180 Colo. 366, 505 P.2d 1309 (1973); *Feltes v. People,* 178 Colo. 409, 498 P.2d 1128 (1972).

Upon granting the defendant's motion for judgment of acquittal, the trial court ruled that the only evidence of any conspiracy to commit first-degree arson was the same evidence which the jury found to be insufficient to support a guilty verdict on the substantive offense. The district attorney argues on this appeal that the conspiracy conviction is supported by independent evidence and that the trial court therefore committed error in granting the motion for judgment of acquittal.

From our review of the record, we note that evidence presented at trial as to the defendant's participation was not substantial, and as the case unfolded before the jury, it seemed unlikely that the defendant was involved in the crimes as charged. We have also noted that the only so-called independent evidence from which it might be inferred that the defendant was a participant in a conspiracy was vague and inconclusive. Such evidence is totally insufficient to support the defendant's conviction on the conspiracy charge after his acquittal on the substantive charge of arson.

Under the facts of this case, we hold that the trial judge was justified in completely rejecting this as independent evidence of the defendant's participation in a conspiracy and in applying the rule of *Robles, supra. People v. Armijo,* 176 Colo. 547, 491 P.2d 1384 (1971) involves a similar fact situation wherein this court held that the independent evidence of the conspiracy was not sufficient to sustain a conviction and accordingly, the judgment was reversed. There, as here, the independent evidence of conspiracy was vague and inconclusive.

■ C.A.R. 4(b) and section 16-12-102, C.R.S. 1973 gives the district attorney the right to appeal a judgment of a trial court in a criminal case upon any question of law. However, as we noted in *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971), such an appeal, involving sufficiency of the evidence, is seldom productive of any precedential value. We believe the district attorney's time and efforts can be better utilized than prosecuting appeals such as this. Appeals by district attorneys should be avoided in cases which do not involve egregious error by the trial court.

The judgment is affirmed.