**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Addison R. LOOMIS, Defendant-Appellee.**

**No. 83SA432.**

Supreme Court of Colorado, En Banc.

March 11, 1985.

Gregory F. Long, Dist. Atty., Mark A. Hannah, Chief Deputy Dist. Atty., Craig, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Martin J. Gerra III, Deputy State Public Defender, Denver, for defendant-appellee.

PER CURIAM.

The prosecution appeals from an order of the district court dismissing charges against the defendant, Addison Loomis. We disapprove the ruling.

The defendant was charged with first-degree perjury. § 18–8–502, 8 C.R.S. (1978). A pretrial defense motion to dismiss the charge on the basis that the first-degree perjury statute is unconstitutionally vague was denied by the district court. However, following two subsequent trials in which the jury was unable to agree upon a verdict, the district court reconsidered its position and dismissed the charge against the defendant. The district court reasoned that since the jury failed on two occasions to agree upon a verdict in what the court considered to be a clear-cut perjury case, there must be some constitutional defect in the perjury statute.

The applicable standard in determining whether a statute is unconstitutionally vague is whether the law fails to reasonably forewarn persons of ordinary intelligence of what is prohibited and lends itself to arbitrary and discriminatory enforcement because it fails to provide explicit standards for those who apply it. *People v. Seven Thirty-Five East Colfax, Inc.*, 697 P.2d 348 (Colo.1985); *City of Englewood v. Hammes*, 671 P.2d 947 (Colo.1983). A statute is presumed to be constitutional, and the party challenging the statute must prove unconstitutionality beyond a reasonable doubt. *People v. Schwartz*, 678 P.2d 1000 (Colo.1984). In our view, the fact that a jury has twice been unable to agree upon a verdict in a given criminal case is not a proper or sufficient basis to establish that a criminal statute is unconstitutional beyond a reasonable doubt. The conclusion of the district court in this case that the first-degree perjury statute is unconstitutionally infirm was based upon the failure of the jury to agree at the conclusion of the

evidence in two separate trials. The legal standard adopted, however, is inapplicable and wholly improper.

Ruling disapproved.