The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Gary FAGERHOLM,
Defendant–Appellee.

No. 86SA455.

Supreme Court of Colorado,
En Banc.

Feb. 6, 1989.

As Modified on Denial of Rehearing
Feb. 27, 1989.

**690**

Barney Iuppa, Dist. Atty., Daniel H. May, Deputy Dist. Atty., Fourth Judicial Dist., Colorado Springs, for plaintiff-appellant.

David F. Vela, State Public Defender, Jonathan S. Willett, Deputy State Public Defender, Denver, for defendant-appellee.

KIRSHBAUM, Justice.

The defendant, Gary Fagerholm, entered a guilty plea to the offense of attempted sexual assault on a child, in violation of sections 18–2–101 and 18–3–405, 8B C.R.S. (1986), in the El Paso County District Court. Upon denial of his application for probation because of two prior felony convictions, Fagerholm filed a motion pursuant to Crim.P. 35(c) challenging the constitutionality of one of these convictions. The People argued that Fagerholm was precluded from attacking his earlier convictions by the terms of section 16–5–402, 8A C.R.S. (1986), and by the equitable doctrine of laches. The trial court rejected the People's arguments, held that the prior conviction was unconstitutional, and concluded that the conviction could not be considered for sentencing purposes. The People appeal.[1] We approve the trial court's ruling.

I

Fagerholm entered his plea of guilty to the offense of attempted sexual assault on a child on April 24, 1986. He indicated he wished to apply for probation, and a presentence investigation report was prepared. The report recommended that he be denied probation because he had two prior felony convictions: one for the issuance of bad checks in Ohio in 1962 and one for sodomy in Indiana in 1966.

On July 25, 1986, Fagerholm filed a motion pursuant to Crim.P. 35(c) challenging the constitutionality of his 1966 sodomy conviction. He maintained that his constitutional rights had been violated because his conviction resulted from ineffective assistance of counsel, an involuntary and unknowing guilty plea and non-compliance with the then existing Indiana rule of criminal procedure that was comparable to Colorado's then existing Crim.P. 11.

At the commencement of the hearing on the motion, Fagerholm's counsel informed the trial court that no transcript of the 1966 providency hearing in Indiana could be located. Fagerholm then testified that during the 1966 proceeding he was not advised by the trial court that his plea must be voluntary, that he had a right to a trial by jury, or that he had a right to testify on his own behalf. He also testified

1. Presumably, this appeal is brought pursuant to the provisions of § 16–12–102(1), 8A C.R.S. (1986), and C.A.R. 4(b)(2).

that the trial court never informed him of the elements of the offense of sodomy.

The People presented no evidence. The People did argue that Fagerholm's motion was barred by the doctrine of laches and by the provisions of section 16–5–402, which statute states in pertinent part as follows:

**Limitation for collateral attack upon trial judgment.** (1) Except as otherwise provided in subsection (2) of this section, no person who has been convicted under a criminal statute of this or any other state of the United States shall collaterally attack the validity of that conviction unless such attack is commenced within the applicable time period, as provided in this subsection (1), following the date of said conviction:

....

All other felonies: Three Years

....

(2) In recognition of the difficulties attending the litigation of stale claims and the potential for frustrating various statutory provisions directed at repeat offenders, former offenders, and habitual offenders, the only exceptions to the time limitations specified in subsection (1) of this section shall be:

....

(d) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

The trial court initially observed that Fagerholm had completed his sentence and therefore had no reason to contest the conviction prior to the People's decision to rely on that conviction for purposes of sentencing in this case.[2] It then determined that "of circumstances amounting to justifiable excuse or excusable neglect," as required by section 16–5–402(2)(d), had been established by Fagerholm, again noting that the challenge to the 1966 conviction was raised

only in response to the People's decision to rely upon that conviction for purposes of sentencing. The trial court also rejected the People's argument that Fagerholm's collateral attack on his 1966 conviction was barred by the equitable doctrine of laches. It concluded that, assuming the doctrine's applicability to criminal cases, there was no evidence of the unconscionable delay necessary to establish laches.

With respect to the question of the validity of the 1966 conviction, the trial court held that Fagerholm had not intelligently, knowingly and voluntarily waived his rights to a jury trial and that he did not understand the nature of the charge against him at the time he entered his guilty plea; that the prior conviction was constitutionally defective; and that the conviction could not be considered for purposes of imposing sentence. The trial court then rejected Fagerholm's request for probation and sentenced him to two years of confinement in the custody of the Department of Corrections.

## II

### A

The People assert that the trial court erred in concluding that section 16–5–402 did not bar Fagerholm's post-conviction motion. We approve the trial court's ruling, but for reasons quite different from those relied upon by the trial court.

Section 16–5–402 was initially enacted in 1981 with the intent of avoiding litigation over stale claims by prohibiting collateral attacks on past convictions if not commenced within specified time periods. Ch. 190, sec. 3, § 16–5–402, 1981 Colo.Sess. Laws 926–27. In its original form, the statute contained no justifiable excuse or excusable neglect exception to the stated time limitation provisions. In *People v. Germany*, 674 P.2d 345 (Colo.1983), this

---

**2.** This observation by the trial court could be read to constitute a formal ruling that Fagerholm satisfied any applicable present need standard. Neither party requested any such ruling, and the People's appeal does not dispute the existence of present need. In view of our deter-

mination that the statute is inapplicable, we need not address the discussion by Fagerholm in his answer brief to the effect that a trial court must give special attention to the doctrine of "present need" when applying the statute's provisions to particular cases.

court determined that the statute violated constitutional due process standards on the following ground:

[Section 16–5–402] precludes collateral challenges to the constitutional admissibility of prior convictions in pending criminal prosecutions solely on the basis of a time bar, without providing the defendant an opportunity to show that the failure to assert a timely constitutional challenge was the result of circumstances amounting to justifiable excuse or excusable neglect.

*People v. Germany,* 674 P.2d at 354.

Subsequent to our decision in *Germany,* the General Assembly amended section 16–5–402 to permit a collateral attack outside the statutorily prescribed time periods upon a finding of justifiable excuse or excusable neglect. Ch. 117, sec. 1, § 16–5–402(2)(d), 1984 Colo.Sess.Laws 486. As amended, section 16–5–402 became effective July 1, 1984.

Section 11, article II, of the Colorado Constitution prohibits retrospective laws. Furthermore, section 2–4–202, 1B C.R.S. (1980), provides that statutes are presumed to be prospective in operation. However, legislation may be given retroactive effect if the statute indicates a clear legislative intent to achieve such retrospective application, *California Co. v. State,* 141 Colo. 288, 348 P.2d 382 (1959), *appeal dismissed,* 364 U.S. 285, 81 S.Ct. 42, 5 L.Ed.2d 37 (1960), and the proposed changes are procedural or remedial in nature rather than directed to "substantive" or vested rights, *Continental Title Co. v. District Court,* 645 P.2d 1310 (Colo.1982); *Stewart v. Public Employees Retirement Ass'n,* 43 Colo. App. 25, 612 P.2d 1141 (1979).

In *Germany,* we noted that there was nothing in section 16–5–402 as then adopted to indicate a legislative intent to limit the time bars established by the statute to convictions entered after the statute's effective date. *Germany,* 674 P.2d at 351. We also pointed out that the wording of the statute looks to the past as well as the future in that it prohibits any person who "has been convicted" from collaterally attacking the validity of that conviction

unless the challenge is made within the applicable time period "following the date of said conviction." *Id.* The General Assembly did not alter this critical language when it amended the statute. In view of our discussion in *Germany,* we conclude that the General Assembly intended retrospective application of the statute, subject to constitutional constraints. Such intent is strongly suggested by the primary object of the legislation—to reduce as far as constitutionally permissible the availability of post-conviction review of stale convictions.

We also recognized in *Germany* that without the addition of a reasonable grace period, section 16–5–402 as initially adopted could impermissibly eliminate the substantive statutory right to challenge constitutionally flawed convictions granted to all convicted offenders by section 18–1–410, 8B C.R.S. (1986). In this case, such retrospective application of section 16–5–402 would deny Fagerholm any opportunity to challenge his 1966 conviction. We made the following observations concerning that issue during the course of our opinion in *Germany:*

Thus, even though the Colorado Criminal Code grants a convicted offender the right to seek collateral review of a constitutionally flawed conviction, section 18–1–410, C.R.S. 1973 (1978 Repl.Vol. 8), the effect of section 16–5–402(1) is to immediately cut off this right for all persons whose convictions antedate the statute by an interval of time in excess of the statutory limitation period. Such retrospective elimination of an existing statutory right, which the legislature itself has recognized as a matter of "substantive right" included "within the concept of due process of law," section [18–1–410], C.R.S. 1973 (1978 Repl.Vol. 8), cannot be squared with the constitutional prohibition against retrospectively depriving a person of a statutory right without due process of law. *Colo. Const.* Art. II, Sec. 25; *Colo. Const.* Art. II, Sec. 11; *see generally French v. Deane,* 19 Colo. 504, 36 P. 609 (1894). Were this the only infirmity in the statute, we might well be able to read into it a reasonable grace period to allow collateral

challenges for past convictions antedating the limitation period.

*Id.* at 351–52 (footnote omitted).

In amending section 16–5–402, the General Assembly did not specifically address the due process question of retroactivity raised by *Germany.* However, the General Assembly did elect to adopt the approach suggested by our opinion in *Germany*—an approach which by providing general exceptions to the blanket forfeiture provisions of the statute strives to satisfy the principles of fundamental fairness inherent in the concept of due process of law as it applies to the circumstances addressed by the statute.

■ Our goal in construing legislation is to construe the statute in such manner as to avoid constitutional infirmities whenever possible. *People v. Loomis,* 698 P.2d 1320 (Colo.1985); *People v. Smith,* 620 P.2d 232 (Colo.1980). The amended statute apparently seeks to limit the abilities of persons convicted of offenses to challenge prior convictions to the fullest extent possible without violating such persons' rights to due process of law. With these principles in mind, we conclude that the statute must be deemed to include a grace period within which persons convicted of offenses prior to the lengths of time specified as limitation periods might nevertheless challenge their convictions without regard to the statutory exceptions. Such construction supports the primary purpose of the 1984 revision of the statute to ensure that finality attaches to adjudications of guilt, while simultaneously safeguarding the due process rights of convicted felons. In view of the primary purpose of the statute and in consideration of all the relevant interests involved, we conclude that a grace period of five years from the effective date of the statute, July 1, 1984, provides a reasonable accommodation of the purposes sought to be achieved by the statute. Such period affords adequate notice to persons whose rights to challenge post-convictions on constitutional grounds are directly affected by this legislation.

Applying the statute so construed to the facts of this case, it is clear that Fagerholm was not prohibited from challenging his 1966 conviction. His challenge falls well within the five-year grace period necessarily implied within this legislative scheme. The trial court's ruling that the statute does not bar Fagerholm's post-conviction challenge is therefore approved, though for reasons differing significantly from those relied upon by the trial court.

## B

■ The People also assert that the trial court erred in concluding that the equitable doctrine of laches did not prohibit Fagerholm's post-conviction challenge. This argument in essence challenges the trial court's assessment of the evidence. It does not pose a question of law, and is therefore not appropriate for our review pursuant to section 16–12–102(1), 8A C.R.S. (1986), and C.A.R. 4(b)(2). *See People v. Samora,* 188 Colo. 74, 532 P.2d 946 (1975).

## III

For the foregoing reasons, we approve the ruling of the trial court.

VOLLACK, J., dissents.

VOLLACK, Justice, dissenting:

I respectfully dissent because in my view this case is not properly postured for our review.

The People have shown no injury to a legally protected interest. Gary Fagerholm sought probation. His application for probation was denied under section 16–11–201(2), 8A C.R.S. (1986), because of two prior convictions. Fagerholm then collaterally attacked both prior convictions under Crim.P. 35. The People sought to prevent him from becoming eligible for probation by objecting to his collateral attack. Although the trial court upheld Fagerholm's collateral attack on one of those convictions, it denied his request for probation and imposed the maximum sentence in the presumptive range. Under these circumstances, I conclude that the People were not aggrieved by the disposition of the trial court. "Appeals are not allowed for the mere purpose of delay, or to present purely

abstract legal questions however important or interesting, but to correct errors injuriously affecting the rights of some party to the litigation. Only parties aggrieved may appeal." *Miller v. Reeder,* 157 Colo. 134, 136, 401 P.2d 604, 605 (1965) (quoting *Miller v. Clark,* 144 Colo. 431, 432, 356 P.2d 965, 966 (1960)); *see People v. Tharp,* 746 P.2d 1337, 1339 (Colo.1987); *see also Ragsdale Bros. Roofing, Inc. v. United Bank of Denver,* 744 P.2d 750, 755 (Colo.App.1987) (only parties denied some claim or burdened with some obligation may appeal).

Although the People are presumably appealing a question of law under section 16–12–102(1), *see* majority op. at 690, n. 1, the right to appeal under section 16–12–102 must be predicated upon the theory that the errors committed were prejudicial to the People. *See People v. Wolff,* 111 Colo. 46, 48, 137 P.2d 693, 695 (1943). In this case, the People have failed to show prejudice resulting from whatever error may have been committed by the trial court.

I would dismiss the appeal.