**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Gary L. WIEDEMER, Defendant–**
**Appellant.**

**No. 92SA232.**

Supreme Court of Colorado,
En Banc.

May 10, 1993.
Rehearing Denied June 7, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Laurie A. Booras, Asst. Atty. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Justice LOHR delivered the Opinion of the Court.

This is an appeal from an order of the Chaffee County District Court denying a Crim.P. 35(c) motion of the defendant, Gary L. Wiedemer, to vacate a judgment of conviction entered against him in 1973 for conspiracy to commit burglary. The district court ruled that denial was required because the motion had not been filed within the limitation period prescribed by section 16–5–402(1), 8A C.R.S. (1986). The defendant asserts on appeal that section 16–5–402 should not be construed to apply to Crim.P. 35(c) motions but that if it does apply it violates constitutional provisions concerning separation of powers and the rights to habeas corpus, due process, and equal protection of the laws. He also contends that his delay in filing the motion was based on "justifiable excuse or excusable neglect," thereby qualifying for the exception to the statutory limitation period contained in section 16–5–402(2)(d). We are unpersuaded by the defendant's arguments that section 16–5–402 is either inapplicable to Crim.P. 35(c) motions or unconstitutional. We reverse the district court's order, however, and remand the case to that court for further proceedings to determine whether his tardy filing was based upon justifiable excuse or excusable neglect under the standards set forth today in *People v. Wiedemer*, 852 P.2d 424 (Colo.1993).

I

In 1972 the defendant was charged in Fremont County District Court with the crimes of burglary, § 40–3–5, 3 C.R.S. (1963), conspiracy to commit burglary, §§ 40–3–5, 40–7–35, 3 C.R.S. (1963), and possession of contraband, § 40–7–58, 3 C.R.S. (1963 & 1967 Supp.). Upon motion, venue was transferred to Chaffee County District Court. Based upon a plea agreement, the defendant pleaded guilty to the conspiracy charge, the other two charges were dismissed, and judgment was entered against him on May 22, 1973, for the felony offense of conspiracy to commit second-degree burglary, §§ 40–3–5, 40–7–35, 3 C.R.S. (1963). The court sentenced the defendant to a term of not less than one nor more than two years imprisonment.

On July 11, 1991, the defendant filed a motion in Chaffee County District Court pursuant to Crim.P. 35(c) seeking to vacate the 1973 judgment of conviction. In support of his claim that he was entitled to this relief, the defendant averred that rights guaranteed to him by the United States and Colorado Constitutions as well as the Colorado Rules of Criminal Procedure were violated in the proceedings that led to the acceptance of his plea. The district attorney opposed vacation of the judgment, relying on the argument that the defendant's motion was time barred by section 16–5–402(1), which limits the period during which a conviction for a felony other than a class 1 felony can be collaterally attacked to three years from the date of conviction.[1] The district court agreed that the motion was not filed within the period allowed by the statute and denied the motion without a hearing. The defendant moved for reconsideration, contending that his failure to seek relief from his conviction within the required time was based on justifiable excuse or excusable neglect and that his motion therefore qualified for an exception to the statute's time bar. *See* § 16–5–

---

1. Although § 16–5–402 was first enacted in 1981, we have construed it to apply retroactively and to include a grace period for attacking convictions that antedate the statute by more than the applicable limitation period. *See People v. Fagerholm*, 768 P.2d 689, 692 (Colo.1989); *People v. Germany*, 674 P.2d 345 (Colo.1983).

402(2)(d). He also filed a "Reply to People's Objection" in which he contended that Crim.P. 35(c) motions are not subject to the time limitations of section 16–5–402 and that the statute cannot be construed to apply to such motions without violating constitutional provisions concerning separation of powers and the right to habeas corpus, due process, and equal protection of the laws. The district court found that the defendant's allegations, even if true, did not satisfy the statutory justifiable excuse or excusable neglect standard and therefore denied the motion. Although it did not explicitly address the defendant's constitutional arguments, the court implicitly rejected the constitutional challenges when it denied the defendant's motion. The defendant appealed.[2]

## II

### A

■ On appeal, the defendant asserts first that section 16–5–402 cannot be construed to apply to Crim.P. 35(c) motions without violating constitutional requirements of separation of powers, habeas corpus, due process of law, and equal protection of the laws. Second, he asserts that section 16–5–402 should be construed as inapplicable to Crim.P. 35(c) motions so as to give effect to the plain meaning of its words, to harmonize the statute with section 18–1–410, 8B C.R.S. (1986), to preserve its constitutional validity, to observe appropriate distinctions between direct and collateral attacks, and because the contrary construction is unnecessary to prevent untimely or repetitious challenges to a judgment. We considered and rejected each of the foregoing arguments in *Wiedemer*, 852 P.2d 424. For the reasons stated in that opinion, we reject those arguments here as well.

### B

The defendant also asserts that the district court erred in concluding that he failed to show justifiable excuse or excusable neglect under section 16–5–402(2)(d) so as to except his motion from the time bar of section 16–5–402(1).

The defendant's conviction for conspiracy to commit second-degree burglary was entered in 1973. He first sought to have it set aside in July 1991 by filing the motion at issue in this case. Clearly then, unless the exception in section 16–5–402(2)(d) applies, his motion is time barred by subsection (1) of the statute and therefore was appropriately denied by the district court. *See Wiedemer*, 852 P.2d at 440 n. 15; *People v. Brack*, 796 P.2d 49, 50 (Colo.App. 1990).

In *Wiedemer*, 852 P.2d at 440, 441, we determined that the applicability of the justifiable excuse or excusable neglect exception must be evaluated by balancing "an accused person's interest in ensuring that an unconstitutional conviction is not used against him, society's interests in maintaining the integrity of the criminal justice system, and the State's interests in preserving the finality of criminal convictions and in implementing statutes requiring enhanced sentences for habitual offenders" in a manner that gives effect to the "overriding concern" that a defendant have the constitutionally required meaningful opportunity to challenge his conviction. We then set forth several factors that we determined to be relevant in assessing the relative strengths of these interests, including the existence of circumstances or outside influences preventing the defendant's attack and the extent to which, having reason to question the constitutionality of his conviction, the defendant investigates its validity and takes advantage of available means of obtaining relief. *Id.* at 441–42. We also stated that whether the defendant had any

---

2. This appeal was originally filed with the Colorado Court of Appeals but was transferred to this court because the constitutionality of a statute is in question. *See* § 13–4–102(1)(b), 6A C.R.S. (1987). § 13–4–102(1)(b) was subsequently amended, effective July 1, 1992, to narrow the applicable exception to the court of appeals' jurisdiction to cases in which a statute has been declared unconstitutional. Ch. 56, sec. 1, § 13–4–102(1)(b), 1992 Colo.Sess.Laws 271, 271. Our jurisdiction in this case is governed by the former statute.

previous need to institute a challenge, whether he either knew that his conviction was invalid or had reason to question its constitutionality, whether he had means other than through a postconviction challenge of preventing the conviction from being used against him, as well as the length of time between the defendant's conviction and his challenge and the effect of that delay on the State's ability to defend against the attack were relevant in evaluating a claim of justifiable excuse or excusable neglect. *Id.* at 441–42.

The question of whether a defendant qualifies for the justifiable excuse or excusable neglect exception is a question of fact ordinarily to be resolved by the trial court. *Id.* at 442; *see Swainson v. People,* 712 P.2d 479, 481 (Colo.1986). Although the district court denied the defendant's Crim.P. 35(c) motion, it did so without the benefit of the standards we set forth in *Wiedemer* for evaluating a claim of justifiable excuse or excusable neglect. Accordingly, as in *Wiedemer,* 852 P.2d at 442–43, we believe it appropriate to remand this case so that the district court can address the defendant's claim by applying the proper standards.[3]

## III

We reject the defendant's arguments that section 16–5–402 does not apply to Crim.P. 35(c) motions and that if so applied it violates constitutional provisions concerning separation of powers and the rights to habeas corpus, due process, and equal protection of the laws. We hold that further proceedings in district court are necessary in order to determine whether circumstances surrounding the defendant's delay in seeking relief from his 1973 conviction qualified his challenge for the justifiable excuse or excusable neglect exception found in section 16–5–402(2)(d). We therefore reverse the order of the district court and remand this case to that court for further proceedings consistent with this opinion.

VOLLACK, J., does not participate.

---

**3.** Because we first explained today in *Wiedemer,* 852 P.2d at 440–42, the standards by which a claim of justifiable excuse or excusable neglect is to be evaluated, the pleading requirements set forth in that case, *see id.* at 440 n. 15, should not be retroactively applied to defeat this defendant's present application for relief.