**PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Kelly R. THOMAS, Defendant–Appellee.**

**No. 92SA503.**

Supreme Court of Colorado, En Banc.

June 7, 1993.

Peter F. Michaelson, Dist. Atty., Fifth Judicial Dist., Titus D. Peterson, Deputy Dist. Atty., Breckenridge, for plaintiff-appellant.

Richard A. St. Denis, Breckenridge, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

This is the second time that this defendant has come before this court. In the first case, *People v. Thomas*, 839 P.2d 1174 (Colo.1992), we affirmed in part and reversed in part the trial court's ruling as to the admissibility of evidence—drugs, drug paraphernalia and statements—resulting from defendant Kelly R. Thomas' encounter with a police officer. Below we present an abbreviated version of the facts; a complete set of facts is set forth in the other case.

In the first appeal, we determined that the drug paraphernalia seized as a result of a pat-down search of Thomas' body was properly admissible since, as the trial court found, Thomas had given consent. We held that once that evidence was found, Thomas was in custody and was subjected to interrogation without the required *Miranda*[1] warnings. Thomas' subsequent consents to search the car were involuntary, and could not serve as the basis to admit his later statements and the physical evidence found by the officers. However, we recognized that the evidence found as a result of the search of Thomas' car could be admissible if a prior, valid consent were to be found. The trial court, as noted above, had found that Thomas' initial consent to search his person was valid but had not considered whether, at the same time, he also consented to the search of his car. Accordingly, we remanded the case with directions to the trial court to make findings of fact as to the existence of any such prior, valid consent to search the car.

On remand, no new evidentiary hearings were held. On the basis of the record before it, the trial court found that no valid consent to search the car had been given initially before custody was imposed. Thus, the evidence found during the car search was suppressed. This ruling resulted in the prosecution's current appeal to this court.

Two questions are presented to us by the prosecution on appeal: (1) whether the prosecution proved consent to search the car, and (2) whether the search of the car could be validated as incident to arrest. We summarily address the second of the issues first.

■ The question of whether the search of the car was incident to arrest was not raised at the trial court level. For that reason, it is not properly before us now, and we decline to address it. *King v. People*, 785 P.2d 596, 604 n. 8 (Colo.1990).

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).

 The other question is incorrectly stated by the prosecution. The essential issue is not whether the prosecution proved consent by its presentation of facts, but whether there is evidence in the record to support the trial court's findings of fact. Deference is given to the trial court's findings of fact and, as long as there is support for them, we will not overturn such findings. This is true even though a contrary position may find support in the record and even though we might have reached a different result had we been acting as the finder of fact. *See People v. Hampton,* 758 P.2d 1344, 1348 (Colo.1988); *People v. Johnson,* 653 P.2d 737, 740 (Colo.1982).

 The trial court's analysis is not completely clear, but we understand the trial court to have found that, in the initial conversation, the officer asked Thomas if he could search both Thomas' person and vehicle. (Thomas denied any request was made or consent given.) According to the officer, Thomas "said he didn't mind." This response, however, was ambiguous since it was a single response to a compound question. The trial court's finding that Thomas' response was only a consent to search the person is supported by the fact that the search was immediately done. At each stage of the pat-down, the officer explained what he was doing and asked for Thomas' cooperation. He asked Thomas "if he would mind emptying everything out of his pockets on the hood of the car." After Thomas complied, the officer asked if "he'd mind if I did a pat-down, just to make sure" that everything was out. The officer then conducted the pat-down which disclosed the drug paraphernalia. As we found in the first appeal, the circumstances taken as a whole support the trial court's finding that Thomas consented to the pat-down search. Any ambiguity as to the initial consent to search the person was resolved by the immediate search and Thomas' permissive response to the officer's requests at each stage of the search.

The question before the trial court on remand was whether Thomas' consent to search (*i.e.,* that he "didn't mind") included consent to search the car as well as his person. Here, the circumstances support the trial court's conclusion that Thomas did not consent to a search of his car. Unlike the pat-down search which was accomplished immediately and accompanied by repeated expressions of consent, thereby resolving any ambiguity, the search of the car was conducted after Thomas was taken into custody, back-up was radioed and had arrived, and Thomas received his *Miranda* warnings.

The ambiguity of the initial consent as it applied to the car search is evidenced in the record by the officer's own actions in continually asking for consent to search the car. Relying in part on the officer's repeated requests to search the car, the trial court found that Thomas did not consent to a search of his car at the same time he consented to a search of his person. Given the facts in the record before us, we cannot find the trial court's interpretation of the situation to be in error.

The ruling of the trial court is affirmed.