The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Scott Kelly JANKE, Defendant–Appellant.

No. 92CA1968.

Colorado Court of Appeals, Div. II.

Oct. 20, 1994.

Rehearing Denied Nov. 25, 1994.

Certiorari Denied June 5, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Sr. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Samuel Santistevan, Deputy State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Scott Kelly Janke, appeals the trial court order denying his Crim.P. 35(c) motion. He argues that the trial court erred by ruling that he was barred from collaterally attacking his prior conviction under § 16-5-402, C.R.S. (1986 Repl.Vol. 8A). He contends that he is not barred by this section since he is entitled to the five-year grace period established by our supreme court in *People v. Fagerholm,* 768 P.2d 689 (Colo. 1989). We agree and, therefore, reverse and remand with directions.

In July 1982, defendant was charged with a total of fourteen counts involving kidnapping and sexual assault on five victims. Thirteen counts, involving four of the victims, were tried together and defendant was convicted of each of them. On June 6, 1983, defendant entered a guilty plea to a reduced charge in the fourteenth count, which related to the fifth victim. He was sentenced to a total of 96 years imprisonment on all fourteen counts.

On direct appeal, defendant challenged the convictions entered upon the jury verdicts. All but two of the convictions were affirmed, and the case was remanded for resentencing, *see People v. Janke,* 720 P.2d 613 (Colo.App. 1986), and on January 22, 1987, defendant was sentenced to a total of 64 years of imprisonment.

In November 1988, defendant filed a *pro se* Crim.P. 35(c) motion alleging that his plea to the fourteenth count was involuntary. He also requested appointment of counsel and later filed an amendment to the motion to demonstrate "present need." In February 1989, defendant filed a second *pro se* motion attacking the guilty plea, again requesting that counsel be appointed to represent him and that a hearing be set.

The trial court denied the motion without a hearing, ruling that defendant did not have a "present need" to challenge the conviction. On appeal, this court reversed that determination, *People v. Janke,* (Colo.App. No. 90CA0711, November 21, 1991) (not selected for official publication), and remanded the case with instructions to reconsider the motion.

On remand, the trial court appointed counsel to represent defendant. However, the court again denied the defendant's motion without conducting a hearing. The court ruled that the postconviction challenge was untimely under § 16-5-402, C.R.S. (1986 Repl.Vol. 8A), and further held that the five-year grace period set forth in *People v. Fagerholm, supra,* was inapplicable.

The court ruled that the *Fagerholm* grace period is limited to persons whose convictions antedate the effective date of § 16-5-402 by more than three years. As amended, § 16-5-402 became effective July 1, 1984, and as pertinent here, established a 3-year limitation period to attack felony convictions other than a conviction for a class one felony. Because the defendant's conviction was final on June 6, 1983, the trial court ruled that his right to attack the conviction collaterally expired three years from that date, on June 6, 1986, or alternatively, three years from the effective date of § 16-5-402, on July 1, 1987.

Defendant contends the trial court misconstrued *People v. Fagerholm, supra.* He argues that the *Fagerholm* grace period should apply to anyone whose conviction became final before the effective date of § 16-5-402. The prosecution, on the other hand, urges us to uphold the trial court's ruling and contends the *Fagerholm* grace period is limited to persons whose convictions antedate the statute by an interval of time in excess of the statutory limitation period. We agree with the defendant's interpretation.

In *Fagerholm,* our supreme court held that § 16–5–402:

> [M]ust be deemed to include a grace period within which persons convicted of offenses prior to the lengths of time specified as limitation periods might nevertheless challenge their convictions without regard to the statutory exceptions.

The court went on to conclude that:

> [A] grace period five years from the effective date of the statute, July 1, 1984, provides a reasonable accommodation of the purposes sought to be achieved by the statute. Such period affords adequate notice to persons whose rights to challenge post-convictions on constitutional grounds are directly affected by this legislation.

*People v. Fagerholm, supra,* 768 P.2d at 693.

The supreme court also referred to its earlier opinion in *People v. Germany,* 674 P.2d 345 (Colo.1983) in which it had stated: "[T]he effect of section 16–5–402(1) is to immediately cut off this right for all persons whose convictions antedate the statute by an interval of time in excess of the statutory limitation period."

The *Fagerholm* court imposed the grace period in order to provide adequate notice to the group of persons who were directly affected by the passage of the statute. Defendant clearly falls within this group.

As the People note, the supreme court has made certain references to the time period encompassed by the *Fagerholm* grace period. *See People v. Wiedemer,* 852 P.2d 424, 443 (Colo.1993) in which the court, referring to *People v. Germany, supra,* stated that the statute:

> precluded constitutional challenges to convictions by persons convicted of crimes more than the period of limitation prior to enactment of the statute.

The court also noted:

> [T]he statute's enactment and our decision ... created a present need for defendants with convictions antedating the statute by more than the limitations period to institute the challenges or be forever barred from doing so.

*People v. Wiedemer, supra,* at 442 (fn. 19).

In *People v. Heitzman,* 852 P.2d 443, 448–49 (Colo.1993) the supreme court stated:

> In *People v. Fagerholm* (3)27 we construed the statute to include a grace period of five years from its effective date during which persons with convictions antedating the statute by more than the applicable limitations period could institute their challenges. Because neither of the defendant's convictions falls within this category, we assume for purposes of resolving these cases that [defendant] had only three years from the date of entry of each judgment to institute a challenge to the convictions. . . .

The court further stated:

> The effective date of the statute was July 1, 1981. Because the defendant's convictions were entered within the three-year period preceding this date, we assume that the defendant did not have the additional five years afforded by *Fagerholm* to file his challenge.

*People v. Heitzman, supra,* at 852 (fn. 2).

*See also People v. Wiedemer,* 852 P.2d 449, 450 (fn. 1) (Colo.1993) ("Although § 16–5–402 was first enacted in 1981, we have construed it to apply retroactively and to include a grace period for attacking convictions that antedate the statute by more than the applicable limitation period.").

More recently, however, in *People v. Lesney,* 855 P.2d 1364, 1367 (Colo.1993), in a reference to *People v. Fagerholm, supra,* the court includes a parenthetical stating, "establishing five-year grace period from July 1, 1984 for convictions prior to effective date of § 16–5–402."

Of most significance here is a statement in *People v. Mershon,* 874 P.2d 1025 (Colo. 1994). Mershon had been convicted of five habitual criminal counts predicated on five felony convictions, two in 1977, two in 1983, and one in 1987. The trial court denied a motion to dismiss the habitual criminal counts after determining that defendant was time-barred from challenging the prior convictions under § 16–5–402. In discussing that ruling, the supreme court stated:

As a general rule, a defendant has three years in which to attack any felony conviction other than a conviction for a class 1 felony ... However, defendants convicted of a felony prior to July 1, 1984 had a five-year grace period in which to collaterally attack their convictions.

*People v. Mershon, supra,* at 1035.

This most recent statement does not include the "convictions antedating the statute by the applicable limitations period" qualifying language. And, in *Mershon* defendant had two 1983 convictions.

We thus conclude that only convictions occurring after the effective date of the statute are unaffected by the five-year grace period.

Although the trial court's ruling pre-dated *Mershon,* if we adopted the trial court's rationale, defendants who previously had the right to challenge a conviction could lose that right in only a few days if their conviction became final just shy of the three-year limitation period. For example, a person whose conviction became final on July 2, 1981, would have had only one day after the 1984 effective date of § 16–5–402 in which to challenge his or her conviction. This interpretation would, in essence, eliminate the reasonable accommodation that our supreme court intended by creating the five-year grace period.

Therefore, we conclude that this case must be remanded to the trial court with directions that, unless the trial court can determine from the motion, files, and record that defendant is not entitled to relief, the court is to conduct a hearing on the constitutionality of defendant's prior conviction.

In view of our disposition, we do not reach the defendant's alternative argument that the trial court failed to determine whether he qualified for the justifiable excuse or excusable neglect exceptions under § 16–5–402(2)(d), C.R.S. (1986 Repl.Vol. 8A).

The trial court's order is reversed, and the cause is remanded for further proceedings, including the entry of appropriate findings and conclusions, consistent with the views expressed in this opinion.

CRISWELL and TAUBMAN, JJ., concur.