The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Joseph D. **VIGIL**, Defendant–Appellant.

No. 96CA0425.

Colorado Court of Appeals, Div. V.

Oct. 2, 1997.

Rehearing Denied Dec. 18, 1997.

Certiorari Denied May 18, 1998.

**590**

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Joseph D. Vigil, appeals the trial court's order denying his Crim. P. 35(c) motion for post-conviction relief. We affirm.

Defendant pleaded guilty to aggravated robbery in 1977. In 1991, he filed this Crim. P. 35(c) motion seeking collaterally to attack the conviction on the ground that the plea was not knowingly and voluntarily entered because he was not adequately advised pursuant to Crim. P. 11.

The trial court denied defendant's motion as time-barred under § 16–5–402, C.R.S. 1997, without conducting a hearing. Defendant appealed that ruling and, in *People v. Vigil*, (Colo.App. No. 91CA1302, Sept. 2, 1993) (not selected for official publication), a division of this court vacated the trial court's order and remanded with directions to allow defendant an opportunity to establish justifiable excuse or excusable neglect based on the factors announced in *People v. Wiedemer*, 852 P.2d 424 (Colo.1993).

While his initial appeal was pending, defendant discharged his sentence and was released from prison. Thereafter, he was charged in the federal district court with armed robbery. Based in part on the conviction in this case, defendant was designated a career offender under the federal sentencing guidelines, which subjected him to a greater sentence than he would otherwise have been required to serve. Before sentencing in that case, defendant attempted collaterally to attack, in federal court, the conviction in this case. However, that court declined to allow the attack.

On the remand from this court in this case, defendant filed a supplemental motion to vacate his conviction, contending that *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), requires that state courts consider attacks on state convictions, when those convictions are being used to enhance a federal sentence, without regard to state statutes of limitation for such attacks.

The trial court conducted a hearing, ruled that *Custis v. United States, supra*, was inapplicable, and further ruled that defendant had failed to establish justifiable excuse or excusable neglect. Defendant appeals that order.

### I.

Defendant contends that the trial court erred in finding that the time bar

contained in § 16–5–402, C.R.S.1997, could be applied to his claims. We disagree.

Section 16–5–402(1), C.R.S.1997, as applicable here, provides that a defendant may collaterally attack a prior conviction within three years of the conviction. In order to avoid constitutional infirmities, the supreme court, in *People v. Fagerholm*, 768 P.2d 689 (Colo.1989), construed § 16–5–402 to include a grace period of five years from the effective date of the statute within which convictions could be challenged without regard to the statutory exceptions. Thus, persons who had sustained convictions prior to the effective date of the statute were given until July 1, 1989, to attack their convictions.

Here, defendant's motion was filed after the five-year grace period had expired. Therefore, defendant had to establish excusable neglect or justifiable excuse. *See* § 16–5–402(2)(d), C.R.S.1997; *People v. Stephens*, 837 P.2d 231 (Colo.App.1992).

Defendant contends, however, that under *Custis v. United States, supra*, state courts are obligated to entertain all collateral attacks by criminal defendants who are subject to federal sentencing enhancement without regard to the timeliness of those challenges under state limitations statutes. We reject this contention.

In *Custis*, the Supreme Court held that a federal criminal defendant, subject to mandatory enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1994), was not permitted collaterally to challenge his underlying state convictions in the federal courts on any ground other than a total deprivation of the right to counsel. Although the Supreme Court stated that such persons may attack their state convictions in state court, it did not in any way require state courts to ignore or abrogate any statutes of limitation governing a federal defendant's right to pursue such collateral attacks in the state courts.

Therefore, defendant's contention that the Supremacy Clause mandates that he must be able collaterally to attack his state court convictions, without regard to state statutes of limitation for such attacks, fails.

## II.

We are not persuaded by defendant's alternative suggestion that, in light of *Custis*, he is entitled to a grace period akin to the five-year grace period of *Fagerholm*. The grace period of *Fagerholm* was developed to preserve the right to collateral relief for a class of defendants who would otherwise have been permanently foreclosed from seeking such relief. No such potential inequity exists here because defendant could have asserted a timely collateral attack in the Colorado courts at any time until July 1, 1989.

Furthermore, we reject defendant's claim that, before the *Custis* decision in 1994, he was justified in postponing his collateral attack because he believed that, if the need arose, he could assert his claim in the context of a federal sentencing proceeding. *See People v. Mershon*, 874 P.2d 1025 (Colo.1994).

## III.

We reject defendant's remaining contention that he demonstrated justifiable excuse or excusable neglect.

Whether a defendant has demonstrated justifiable excuse or excusable neglect is a question of fact to be resolved by the trial court. *People v. Wiedemer, supra*. Deference is to be given to the trial court's findings of fact, and, when there is record support for them, a reviewing court will not overturn those findings. *People v. Thomas*, 853 P.2d 1147 (Colo.1993).

In *People v. Wiedemer, supra*, the supreme court set forth several factors which must be considered in determining whether excusable neglect or justifiable excuse exists. Here, the trial court examined the appropriate factors and found, with record support, that defendant had failed to establish justifiable excuse or excusable neglect. It concluded that defendant's indigence, ignorance of the law, and lack of legal assistance did not amount to a sufficient showing of justifiable excuse or excusable neglect under § 16–5–402(2)(d), C.R.S.1997.

Our review of the record reveals that defendant demonstrated no unavoidable hindrance which would cause a reasonably prudent person to neglect to pursue timely collateral relief. *See People v. Rowe*, 837 P.2d 260 (Colo.App.1992), *rev'd on other grounds*, 856 P.2d 486 (Colo.1993) (no justifiable excuse or excusable neglect shown where defendant alleged ignorance of the law, lack of funds, and previous counsel's failure to advise concerning collateral relief).

The order is affirmed.

RULAND and KAPELKE, JJ., concur.