The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Joseph D. VIGIL, Defendant–Appellant.

No. 96CA0426.

Colorado Court of Appeals.

May 13, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge METZGER

Defendant, Joseph D. Vigil, appeals the trial court's order denying his Crim. P. 35(c) motion for post-conviction relief. We affirm.

In 1971, defendant was charged with forgery pursuant to C.R.S.1963, § 40–6–8. As part of a plea bargain, he pled guilty to issuing a bad check pursuant to C.R.S.1963, § 40–14–20, and was sentenced for not less than one year nor more than two years to the Department of Corrections (DOC). In 1972, the bad check statute, § 40–14–20, was declared unconstitutional in *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972).

In March 1991, defendant filed a Crim. P. 35(c) motion seeking to vacate his 1971 conviction. Defendant argued that, since the statute under which he had been convicted had been declared unconstitutional, his conviction was void. Concluding that, because defendant's motion was a direct attack rather than a collateral attack and the time-bar in § 16–5–402, C.R.S.1998, did not apply, the trial court granted the motion. The People appealed.

A division of this court determined that defendant's motion was a collateral attack and, therefore, was subject to the provisions of § 16–5–402. *People v. Vigil,* (Colo.App. No. 91CA0904, April 30, 1992) (not selected for official publication). On certiorari review, the supreme court remanded the case for further proceedings pursuant to § 16–5–402 to determine if defendant had established justifiable excuse or excusable neglect for the untimely filing of his Crim. P. 35(c) motion. *Vigil v. People,* 854 P.2d 230 (Colo.1993).

On remand, after conducting a hearing, the trial court found that defendant had not established justifiable excuse or excusable neglect and denied defendant's motion.

On appeal, defendant requested, and was granted, a limited remand for the trial court to address other issues presented in his Crim. P. 35(c) motion. The trial court ruled: (1) defendant's conviction was not void, and "the time bar does apply to defendants seeking post-conviction relief from statutes later found to be unconstitutional"; (2) § 16–5–402 is constitutional; and (3) the trial court had subject matter jurisdiction at the time of defendant's plea.

I.

Defendant first contends that, because the statute forming the basis of his conviction was later found to be unconstitutional, his conviction is void. Therefore, he argues, the time limitations of § 16–5–402 are inapplicable. We disagree.

A presumption of validity attaches to a judgment of conviction. *See People v. McClellan,* 183 Colo. 176, 515 P.2d 1127 (1973). Nonetheless, the General Assembly has granted every person convicted of a crime the right to make application for post-conviction review. Section 18–1–410, C.R.S. 1998; *see also* Crim. P. 35(c)(2); *People v. Hampton,* 857 P.2d 441 (Colo.App.1992), *aff'd,* 876 P.2d 1236 (Colo.1994). One of the grounds specifically enumerated in the post-conviction review statute and rule is that the applicant was convicted of a crime under a statute that is in violation of either the United States or Colorado Constitution. Section

18–1–410(1)(b), C.R.S.1998; Crim. P. 35(c)(2)(II).

■ Thus, by enacting § 18–1–410(1)(b), the General Assembly has determined that, in order to obtain a remedy for a conviction under an unconstitutional law, a defendant must timely file a motion for post-conviction relief. *See also* Crim. P. 35(c)(2)(II). We may not legislate and hold otherwise.

Section 16–5–402 was enacted in 1981 to avoid litigation over stale claims. *People v. Fagerholm*, 768 P.2d 689 (Colo.1989).

■ Because defendant's motion is a collateral attack, *People v. Vigil, supra,* and his request for post-conviction relief falls under § 18–1–410(1)(b) and Crim. P. 35(c)(2)(II), the time-bar in § 16–5–402 applies. *People v. Wiedemer*, 852 P.2d 424 (Colo.1993) (the time limitations of § 16–5–402 apply to Crim. P. 35(c) motions).

To support his assertion that the time-bar in § 16–5–402 should not be applied to his situation, defendant relies on the language in *Davidson Chevrolet, Inc. v. Denver*, 138 Colo. 171, 175, 330 P.2d 1116, 1118–1119 (1958), *cert. denied*, 359 U.S. 926, 79 S.Ct. 609, 3 L.Ed.2d 629 (1959), which states:

A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it. Defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or the relief to be granted. A judgment entered where such defect exists has neither life nor incipience, and a court is impuissant to invest it with even a fleeting spark of vitality, but can only determine it to be what it is—a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time.

That reliance, however, is misplaced. *Davidson Chevrolet* was decided before the enactment of § 16–5–402 and the decision in *People v. Wiedemer, supra,* which set out the appropriate timing and mechanism for collateral attacks. Moreover, the opinion in *Davidson Chevrolet* equates a void judgment to a judgment involving a "defect of jurisdiction." As we explain below, the trial court

here had proper jurisdiction; thus, defendant's judgment is not void.

## II.

■ Defendant next contends that the use of his 1971 conviction to enhance his sentences in other cases violates his due process rights. We conclude that the time-bar of § 16–5–402 precludes our consideration of this issue.

■ It is a violation of due process to use unconstitutional convictions in a later criminal proceeding to enhance punishment. *People v. Padilla*, 907 P.2d 601 (Colo.1995).

However, "[u]nder the Due Process clause of the Fourteenth Amendment, a state may attach reasonable time limitations to the assertion of federal constitutional rights." *People v. Wiedemer, supra,* 852 P.2d at 436. Since that is what occurred here, defendant's due process claim must fail.

## III.

■ We also reject defendant's contention that § 16–5–402 is unconstitutional as violative of due process. *People v. Wiedemer, supra,* is dispositive of defendant's contention.

■ The legislative enactment of reasonable time requirements for collateral challenges to prior convictions does not violate due process so long as an accused retains a meaningful opportunity to challenge allegedly unconstitutional convictions. And, a justifiable excuse or excusable neglect exception to the time-bar of § 16–5–402 cures any infirmity in the limitation period because it allows the vindication of constitutional claims in those circumstances where a failure to assert them within the proscribed period resulted from something other than culpable neglect. *People v. Wiedemer, supra.*

Further, providing a grace period until 1989 for this defendant to challenge his 1971 conviction amply satisfied the due process requirement of a meaningful opportunity to challenge the conviction. *People v. Fagerholm, supra.* Thus, defendant's reliance on *People v. Germany*, 674 P.2d 345 (Colo.1983)

and *People v. Thomas,* 867 P.2d 880 (Colo. 1994) is misplaced.

■ Here, the defendant had 18 years from his guilty plea, 17 years from the *Vinnola* decision, and two years from the expiration of the *Fagerholm* grace period to challenge his conviction. Under such circumstances, we are not persuaded that the time-bar in § 16–5–402 violates defendant's due process rights even though the statute under which he was convicted was later declared to be unconstitutional. By enacting § 18–1–410(1)(b), the General Assembly provided the mechanism by which defendant could have had his conviction vacated. Defendant had a meaningful opportunity to challenge his 1971 conviction. Hence, we conclude that defendant's due process rights have not been violated.

### IV.

Finally, defendant contends that he falls within two exceptions to the time-bar of § 16–5–402. We again disagree.

### A.

We reject defendant's argument that under § 16–5–402(2)(a), C.R.S.1998, the trial court lacked subject matter jurisdiction.

■ Section 16–5–402(2)(a) provides that one of the exceptions to the time limitation specified in § 16–5–402(1), C.R.S.1998 shall be:

A case in which the court entering judgment of conviction did not have jurisdiction over the subject matter of the alleged offense. . . .

However, nothing in § 16–5–402(2)(a) indicates that the subject matter jurisdiction exception applies to anything other than the statutory jurisdiction of the court over the particular crime of which the accused was convicted. *People v. Germany, supra.*

■ Criminal jurisdiction over felonies committed in the state generally extends to all district courts in the state. Section 18–1–201, C.R.S.1998; *People v. Burgess,* 946 P.2d 565 (Colo.App.1997).

■ Here, defendant was charged with a felony within the state and pled guilty to a felony. He was prosecuted in the district court. Hence, the court had subject matter jurisdiction. *See E.J.R. v. District Court,* 892 P.2d 222 (Colo.1995) (when courts have the power to adjudicate issues in the class of suits to which a particular case belongs, a court's final judgments, whether right or wrong, are not subject to collateral attack for lack of subject matter jurisdiction).

### B.

Defendant also argues that, because he established justifiable excuse and excusable neglect for his late filing, the trial court erred in denying his motion. We do not agree.

■ Defendant maintains that, in light of his minimal educational background, his relatively low level of intelligence, and his incarceration during the relevant time periods, he did not know or have reason to know that the bad check statute had been declared unconstitutional. He also asserts that his attorneys in his other felony cases between 1972 and 1991 rendered ineffective assistance in failing to file timely motions to vacate the bad check conviction. We are not persuaded.

Section 16–5–402 provides, as pertinent here, that a defendant has three years from the date of his or her conviction to commence a collateral attack. However, the time limitation does not apply if the trial court finds that the defendant's failure to seek relief within the applicable period was the result of circumstances amounting to justifiable excuse or excusable neglect. Section 16–5–402(2)(d), C.R.S.1998.

In *People v. Wiedemer, supra,* the supreme court set forth the following factors to consider in determining whether a defendant's inaction is attributable to justifiable excuse or excusable neglect: (1) whether there existed circumstances or outside influences preventing a challenge to a prior conviction; (2) whether a defendant having reason to question the constitutionality of a conviction investigates its validity and takes advantage of avenues of relief that are available; (3) whether a defendant either knew

that the conviction was constitutionally infirm or had reason to question its validity; (4) whether a defendant had other means of preventing the government's use of the conviction so that a post-conviction challenge was previously unnecessary; (5) the length of time that has elapsed between the date of conviction and defendant's challenge; and (6) the effect that such period has on the state's ability to defend against the challenge.

 Whether a defendant has demonstrated justifiable excuse or excusable neglect is a question of fact to be resolved by the trial court. *People v. Wiedemer, supra.* Deference is to be given to the trial court's findings of fact, and when there is record support for them, a reviewing court will not overturn those findings. *People v. Thomas,* 853 P.2d 1147 (Colo.1993).

At the close of the hearing here, the trial court made the following findings. In 1971, defendant pled guilty under the bad check statute, which was declared unconstitutional in 1972. Between 1973 and 1977, defendant was represented by various counsel in several other prosecutions. Defendant's claim of excusable neglect is predicated upon his argument that none of these attorneys sought to attack his 1971 conviction.

However, the court noted, "the fact remains" that, throughout the 1980's, defendant was "a resident of" DOC. It said: "If anyone would be aware of the time bar statute and the five-year limitation period to challenge convictions which preceded the passage of the time bar statute, it would be residents of DOC."

The court concluded by finding that defendant "had plenty of time and opportunities and need" to attack his 1971 conviction in the 1970's. And, relying on *People v. Mershon,* 874 P.2d 1025 (Colo.1994), it noted: "[I]gnorance of the right to do something or of the need to do something within that five-year period is not sufficient to constitute justifiable excuse or excusable neglect."

Based on these findings, the court ruled that defendant had failed to establish any excusable neglect or justifiable excuse.

The trial court's findings are supported by the record. Therefore, we uphold its conclusion that defendant failed to establish justifiable excuse or excusable neglect for the untimely filing of his Crim. P. 35(c) motion. *See People v. Vigil,* 955 P.2d 589 (Colo.App. 1997) (defendant's indigence, ignorance of the law, and his previous counsel's failure to advise him concerning collateral relief did not establish justifiable excuse or excusable neglect).

The order is affirmed.

Judge TAUBMAN and Judge CASEBOLT concur.