**Scott Kelly JANKE, Plaintiff–Appellant,**

v.

**William E. PRICE; Leroy J. Sandoval, Officer; Timothy R. Ritter, all in their official and individual capacities, Defendants–Appellees.**

No. 94–1169.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1994.

Scott K. Janke, pro se.

Gale A. Norton, Atty. Gen., Cristina Valencia, Asst. Atty. Gen., Denver, CO, for defendants-appellees.

Before BRORBY and EBEL, Circuit Judges, and SAM,* District Judge.

BRORBY, Circuit Judge.

Appellant Scott Janke is currently an inmate at the Centennial Correctional Facility in Canon City, Colorado. In 1992, prison officials at the Fremont Correctional Facility charged him with possession of dangerous drugs and tampering with locks and security devices after they found marijuana concealed in his cell. Mr. Janke alleges that in the disciplinary proceeding that followed, the defendants violated his due process rights,

thereby making his subsequent conviction and punishment invalid. The magistrate judge concluded Mr. Janke's § 1983 complaint failed to state a claim. The district court agreed, and this appeal followed.[1]

Where, as here, a complaint is dismissed for failure to state a claim, our review is de novo. *Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir.1989). "We will uphold a dismissal only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle [him] to relief." *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991). In this regard, we must presume Mr. Janke's well-pleaded factual allegations are true. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). Furthermore, we must construe his complaint liberally because he is proceeding pro se. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

In his complaint, Mr. Janke alleged prison officials denied him both the right to present witnesses and the right to introduce documentary evidence. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 566, 94 S.Ct. 2963, 2974–75, 2979–80, 41 L.Ed.2d 935 (1974) (holding that denial of access to witnesses and documentary evidence in disciplinary hearing may give rise to due process claim). Specifically, he alleged that at the disciplinary hearing he requested, and was denied, the opportunity to call two witnesses. Those witnesses included the inmate who occupied the cell prior to Mr. Janke and a maintenance officer who made repairs in the cell immediately prior to discovery of the marijuana. The documentary evidence consisted of prison records establishing that the previous cell occupant was found guilty of possession of drugs just prior to Mr. Janke's move into the cell.

The complaint alleged that this evidence, if allowed, would have shown Mr. Janke did not conceal the marijuana behind a light switch as the charges claimed. The essence of Mr. Janke's due process claim is that although

---

* Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to

grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

the prison officials charged him with these serious offenses, they did not allow him any means of showing he did not put the marijuana in the cell. Factually, he charged that even if there was contraband found, he did not put it there. He maintains that the disciplinary officer's decision to reject this evidence effectively denied him any avenue of defense.

After Mr. Janke's complaint was filed, the magistrate judge scheduled a *Martinez* hearing. *See Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978). At the hearing, the defendants called witnesses who provided testimony concerning the disciplinary proceedings. Their version of the facts was not consistent with the factual allegations in the complaint. Mr. Janke then attempted to cross-examine those witnesses to bring out the basic factual disputes between the parties. After hearing these presentations, the magistrate judge stated "you really don't have a case here Mr. Janke ... I don't find there have been [sic] any abuse of your due process rights at all." Supplemental Rec.Vol. II, transcript of hearing on Aug. 13, 1993. The order of dismissal followed, as the district court adopted the magistrate judge's recommendation.

■ It was entirely improper for the magistrate judge to rely on the hearing to resolve pertinent factual disputes. The *Martinez* hearing is a judicially recognized method of developing the record "to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall,* 935 F.2d at 1109. It is used as a tool to sort and clarify issues raised in a pro se complaint. *El'Amin v. Pearce,* 750 F.2d 829, 832 (10th Cir.1984). The hearing cannot, however, be used to resolve disputed factual issues. *See Hall,* 935 F.2d at 1109. It is improper to accept the prison officials' report of events at the hearing when they are in conflict with the pleadings. *See Reed v. Dunham,* 893 F.2d 285, 287 n. 2 (10th Cir.1990).

■ Furthermore, it was error to consider the merits of the complaint in determining whether Mr. Janke stated a claim for relief. "If matters outside the pleadings are considered by the court, the Rule 12(b)(6) motion is treated as a motion for summary judgment and disposed of pursuant to Fed.R.Civ.P. 56."

*Hall,* 935 F.2d at 1109. This normally requires notice to the plaintiff and an opportunity to respond. *Nichols v. United States,* 796 F.2d 361, 364 (10th Cir.1986). Here, the magistrate judge used the hearing as an evidentiary proceeding, then rejected Mr. Janke's arguments. Under the Rule 12(b)(6) standard, this was error. Consequently, the matter must be remanded for further proceedings.

In requiring this remand, we make no comment on the ultimate merit of Mr. Janke's claims. Indeed, we acknowledge the sound policy that requires courts to afford prison officials great deference in handling prisoner disciplinary proceedings. *Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 2773–75, 86 L.Ed.2d 356 (1985). In this context, however, the procedural errors of the district court cannot be overlooked. Our ruling today is limited to a determination that it was error to dismiss Mr. Janke's complaint pursuant to Rule 12(b)(6). On remand, the court may take whatever steps are appropriate to consider Mr. Janke's claims.

The judgment of the United States District Court for the District of Colorado is REVERSED and the matter REMANDED for further proceedings consistent with this opinion.