46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 W. Dean HIRSCH; Jamie L. Hirsch; and Michael D. Hirsch,
Plaintiffs-Appellants,
v.
Tracy J. COPENHAVER; Linda Cheney, Clerk of Justice Court,
in her capacity as Clerk and individually; Bill Brewer,
Sheriff and individually; Robert Coorough, Undersheriff and
individually; James Allison, Justice of the Peace, in his
capacity as Justice of the Peace and individually; Bob G.
McNeill and Dorothy O. McNeill, individually, Defendants-Appellees.
 No. 93-8078.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal from the district court's order dismissing their action for failure to state any claims upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6). This litigation resulted from 1) the Internal Revenue Service's (IRS) seizure and sale of plaintiffs' residence to defendants Bob and Dorothy McNeill in order to satisfy back taxes owed by plaintiff W. Dean Hirsch; and 2) the McNeills' pursuit of a state forcible entry and detainer proceeding to obtain possession of the residence from plaintiffs. Plaintiffs commenced this action under 42 U.S.C.1983, alleging that defendants conspired to violate plaintiffs' constitutional rights to be free from unreasonable searches and seizures, to be free from the deprivation of their property without due process, and to equal protection of the laws.
 
 
 3
 We review the district court's dismissal de novo, and will affirm only if it appears that plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Mascheroni v. Board of Regents of Univ. of Cal., 28 F.3d 1554, 1560 (10th Cir.1994). We must accept all of plaintiffs' well-pleaded allegations as true, construing them in a light most favorable to plaintiffs. Id.
 
 
 4
 Because the district court, in dismissing plaintiffs' claims against defendants Copenhaver and the McNeills, considered materials beyond the pleadings, the district court's order pertaining to those claims will be deemed to have granted those defendants summary judgment under Fed.R.Civ.P. 56. See Fed.R.Civ.P. 12(b); see also, e.g., Janke v. Price, No.94-1169, 1994 WL 719858, at * 2 (10th Cir. Dec. 29, 1994). This court also reviews the district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is not appropriate unless there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Because plaintiffs were proceeding pro se before the district court, their pleadings are entitled to a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 5
 On appeal, plaintiffs, now represented by counsel, make the following arguments: 1) the district court erred in ruling that plaintiffs' complaint failed to allege a cause of action upon which relief could be granted; 2) the certificate of sale and quitclaim deed issued by the IRS to the McNeills were void; 3) defendant Allison, as a justice of the peace, did not have jurisdiction over the McNeills' forcible entry and detainer action; 4) the 1986 federal judgment in favor of the IRS was not a judicial foreclosure; 5) the Park County, Wyoming, Justice Court denied plaintiffs due process; 6) the district court erred in not granting plaintiffs injunctive relief against the Justice Court's writ of restitution issued as a result of the McNeills' forcible entry and detainer action; 7) the district court erred in determining that plaintiffs' issues have already been considered by a number of courts; 8) "[t]he district court erred by ruling the Hirsches failed to state a claim against defendants under section 1983 and/or are entitled to absolute or qualified immunity," Appellants' Br. at 38; 9) the district court erred in determining that the United States was an indispensable party to this litigation; 10) the district court erred in determining that plaintiff Michael Hirsch's Fourth Amendment claim was the result of the conduct of federal agents, who were not named as defendants in this litigation; and 11) the district court failed to address the warrantless search of plaintiffs' residence following its seizure.
 
 
 6
 Plaintiffs' procedural challenges to the district court's decision, see Appellants' Br. at 16-20, are meritless. Upon consideration of the record and the parties' written arguments, we AFFIRM the decision of the United States District Court for the District of Wyoming for substantially the reasons stated in that court's July 29, 1993, order. Plaintiffs' suggestion that this court consider imposing sanctions on several of the defendants, see Appellants' Reply Br. to Appellee Cheney's Br. at 2; Appellants' Reply Br. to Appellees Copenhaver and McNeills' Br. at 2, is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470