**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SCOTT KELLY JANKE,

      Plaintiff-Appellant,

v.

WILLIAM E. PRICE,
LEROY J. SANDOVAL, TIMOTHY R.
RITTER, all in their individual and
official capacities,

      Defendants-Appellees.

Case No. 96-1493

(D.C. 93-N-874)
(District of Colorado)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously

determined that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

Scott Janke, appearing pro se and proceeding in forma pauperis, is a prisoner in the Colorado Department of Corrections. On June 30, 1992, when Mr. Janke was assigned to a single cell at the Arkansas Valley Correctional Facility, two prison guards conducted a "shake down" search of his cell, during which they discovered three bags of marijuana and five hand-rolled marijuana cigarettes behind the cell's light switch plate. A disciplinary hearing was held on July 7, 1992, as a result of which Mr. Janke received fourteen days in punitive segregation and twenty days' loss of good time credits on the drug possession charge, with a similar sentence on the tampering charge "to be served concurrently." See Aplt's Br. Ex. P, at 21 (transcript of July 7, 1992 hearing). He was subsequently placed in administrative segregation and transferred to a maximum security facility.

Mr. Janke seeks compensatory and punitive damages, and declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for violations of his procedural due process rights that allegedly resulted from his wrongful placement in punitive and administrative segregation and in the deprivation of his good time credits. Specifically, he claims he was denied the right to present witnesses and evidence at the disciplinary hearing, and that there was insufficient evidence to support the hearing officer's decision that Mr. Janke was guilty of the alleged offenses.

In a previous review of this case, Janke v. Price, 43 F.3d 1390 (10th Cir. 1994), we determined that the magistrate and district judges erred in their conclusion that Mr. Janke's complaint failed to state a claim and thus should be dismissed based on conclusions derived from a Martinez hearing. See id. at 1392; see also Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). On remand, the district court granted defendants' motion for summary judgment from which Mr. Janke now appeals. We affirm the grant of summary judgment as to Mr. Janke's claims regarding wrongful punitive and administrative segregation. Because we determine that the remaining claims are not presently cognizable under § 1983, we dismiss Mr. Janke's claims, without prejudice.

## II. DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law. See Russillo v. Scarborough, 935 F.2d 1167, 1171 (10th Cir. 1991). We construe the record in the light most favorable to the nonmoving party. See Wolf, 50 F.3d at 796. In addition, because Mr. Janke is proceeding pro se, we must construe his pleadings liberally. See Hall v. Bellmon, 935

3

F.2d 1106, 1110 (10th Cir. 1991).


## A. Punitive and Administrative Segregation

Mr. Janke contends that he is entitled to relief for the imposition of punitive segregation and the resulting emotional distress he suffered as a result of the disciplinary hearing. It is clear that the imposition of fourteen days of punitive isolation in this case does not encroach upon a liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2297-2301 (1995). Mr. Janke's punishment of fourteen days of punitive isolation "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 2301 (determining that thirty days punitive isolation is not an "atypical, significant deprivation"). Nor did his placement in punitive segregation "inevitably affect the duration of his sentence." Id. at 2302. Accordingly, Mr. Janke was entitled to no procedural due process on these claims.

Mr. Janke also alleges that his subsequent administrative segregation and transfer to a maximum security facility denied him an opportunity to accumulate good time credits, in violation of his due process rights. However, the due process clause does not "itself create a liberty interest in prisoners to be free from intrastate prison transfers." Id. at 2297 (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). The transfer to a maximum security facility is "within the normal limits or range of custody which the conviction has authorized the State to impose." Meachum, 427 U.S. at 225.

4

**B. Good Time Credits**

1. *Liberty Interest*

The revocation of Mr. Janke's good time credits, however, may be another matter. See Thiret v. Kautzky, 792 P.2d 801, 804-06 (1990) (providing a general explanation of Colorado parole law). Mr. Janke was apparently convicted of crimes committed between July 1, 1979 and July 1, 1985, and thus he is entitled to mandatory parole based in part on his accumulated good time credits. See Colo. Rev. Stat. § 17-22.5-303(1)-(3) (1986); Thiret, 792 P.2d at 805.[1] As such, the deprivation of these good time credits "has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle [Mr. Janke] to those minimum procedures appropriate under the circumstances as required by the Due Process Clause." Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974) (noting that the Nebraska statutory scheme created a right to good time credits and a shortened prison sentence); see Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991) (quoting Ponte v. Real, 471 U.S. 491, 495 (1985)).

---

[1] Specifically, Mr. Janke was convicted of several counts of sexual assault and kidnaping. See People v. Janke, 895 P.2d 1102 (Colo. App. 1994); People v. Janke, 720 P.2d 613 (Colo. App. 1986). Under Colo. Rev. Stat. 17-2-201(5)(a), persons sentenced for sexual offenses, including sexual assault, are exempt from mandatory parole provisions. Because Appellees do not raise this issue here, and because the record is unclear as to Mr. Janke's underlying convictions, we follow the district court's assumption that Mr. Janke's claims fall within Colorado's mandatory parole scheme.

## 2. *Is the Claim Cognizable under § 1983?*

Because Mr. Janke's procedural due process claims concern the revocation of good time credits, thereby challenging the length of his sentence, we must determine whether they are cognizable in § 1983 at all, or whether, instead, the claim should be classified as a habeas corpus action. See Heck v. Humphrey, 512 U.S. 477, 481-83 (1994). In Heck, the Supreme Court held that when a state prisoner seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, then the action should be allowed to proceed in the absence of some other bar to the suit." Id. at 487.

Recently, in Edwards v. Balisok, 117 S. Ct. 1584, 1588 (1997), in an action based on due process violations similar to those alleged here, the Court refined the Heck limitation on the scope of § 1983 actions. Specifically, the Court rejected the Ninth Circuit's ruling that "a claim challenging only the procedures employed in a disciplinary hearing is always cognizable under § 1983." Edwards 117 S. Ct. at 1587. The Court observed that there was a well-established distinction in the case law between a claim "that the procedures were wrong" and a claim "that the result was." Id. However, the

6

Court further stated, "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." Id.

The Edwards Court then applied the distinction between claims that necessarily imply the invalidity of the judgment and claims that do not. Mr. Edwards, the plaintiff prisoner in a § 1983 action alleging a procedural due process claim, had alleged that he was deprived of the opportunity to present any exculpatory evidence whatsoever at his disciplinary hearing and that the hearing officer "intentionally denied" him the right to present extant exculpatory statements. 117 S. Ct. at 1588. According to Mr. Edwards, the cause of the exclusion of the exculpatory evidence was the "deceit and bias of the hearing officer himself." Id.

In spite of these allegations, Mr. Edwards "limited his request to damages for depriving him of good-time credits without due process, not for depriving him of good-time credits as a substantive matter." Id. at 1587. Although Mr. Edwards had not specifically requested a restoration of good time credits, the Supreme Court concluded that if he established the principal procedural defect that he alleged, this result necessarily implied the invalidity of the deprivation of his good time credits. The Court analogized Mr. Edwards's allegations to those of a criminal defendant tried by a partial judge: if the allegations were established, the defendant would be "entitled to have his conviction set aside no matter how strong the evidence against him." Id. at 1588 (citing Tumey v. Ohio, 273 U.S. 510, 535 (1927) and Arizona v Fulminante, 499 U.S. 279, 308 (1991)). Thus,

7

the Court said, the plaintiff prisoner's claim "for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983," but is properly addressed as a petition for habeas corpus relief. See id. at 1588-89; Heck, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks . . . speedier release") (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990).

In the instant case, unlike the artful plaintiff in Edwards, Mr. Janke undisputedly seeks the restoration of his good-time credits (see Aplt's Br. at XV; Rec. Doc. 3, at 3, and 5).[2] Mr. Janke alleges that had he been allowed to present witnesses at the disciplinary hearing, the evidence would have established that he was not guilty of the alleged infractions. See Rec. doc. 18 ex. E at 3; doc. 3, addendum at 3; Janke, 43 F.3d at 1291, 1292. Specifically, he alleges that the disciplinary hearing officer, defendant Timothy R. Ritter, deprived Mr. Janke the opportunity to present two witnesses and related

---

[2]    On appeal, Mr. Janke prays for prospective injunctive relief enjoining the defendants from future violations of due process during disciplinary hearings and from further retaliation against Mr. Janke for this action or any other action. "Ordinarily, a prayer for such prospective injunctive relief will not 'necessarily imply' the invalidity of a previous loss of good time credits," and is cognizable under § 1983. Edwards, 117 S. Ct. at 1589. Mr. Janke did not present this prayer for relief below, however, and we shall not consider it on appeal. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (citing Allen v. Minnstar, Inc., 8 F.3d 1470, 1475 (10th Cir. 1993)).

8

documentary evidence at his disciplinary hearing.  See Aplt's Br. at VI-VII, XI-XII; see Wolff, 418 U.S. at 566 (inmate subjected to discipline is entitled to call witnesses and present documentary evidence in his defense if not unduly hazardous to institutional safety).

Unlike the Edwards claimant, the record here indicates that Mr. Janke was allowed some opportunity to present a defense:  he called one witness and he engaged in cross-examination of the prosecution's witnesses.  Arguably, Mr. Janke's procedural due process claims, if established, would not necessarily entitle him "to have his conviction set aside no matter how strong the evidence against him," as was the case in Edwards. See 117 S. Ct. at 1588.  Because Mr. Janke emphasizes his innocence, however, and seeks restoration of his good times credits, we are not at liberty to parse his claims to find one that is immediately cognizable under § 1983.

Moreover, as both this court and the district court have recognized, Mr. Janke's claims focus on the outcome of the disciplinary proceeding.  See Janke v. Price, 43 F.3d at 1391 ( "Mr. Janke alleges that in the disciplinary proceeding that followed, the defendants violated his due process rights, thereby making his subsequent conviction and punishment invalid."); Rec. doc. 51, at 3 (Dist. Ct. Order of Dismissal) (Mr. Janke's claims "would have tended to show that [he] did not place the dangerous drugs . . . in the cell;" but the court found and "concluded that the excluded testimony would not have affected the outcome of the hearing.").  In other words, according to Mr. Janke, the

9

alleged procedural due process violations led prison officials to reach the wrong result at the disciplinary hearing and to improperly revoke his good time credits.

Unlike prisoner plaintiffs with cognizable § 1983 claims, Mr. Janke does not allege a procedural due process claim "without any regard to the outcome of the disciplinary process in his case" or a claim that "does not require a federal court to decide whether the disciplinary process against [him] reached the correct result" or that "would be viable even if either of his disciplinary hearings had not led to any sanctions at all." See Clayton-El v. Fisher, 96 F.3d 236, 241-43 (7th Cir. 1996) (discussing claims that are cognizable in § 1983 and claims that are cognizable in habeas).[3] Accordingly, Mr. Janke's claims that seek restoration of his good time credits are not cognizable under § 1983 until he has established that the conviction or sentence has been declared invalid. See Heck, 512 U.S. at 483; see also Clayton-El, 96 F.3d at 242 ("These principles of deference and reticence that guide the federal courts . . . prevent the district courts from considering any issues that *could be cognizable* in a § 2254 claim until the state prisoner has exhausted his state court remedies.").[4]

---

[3] "The distinction between these two sorts of claims is clearly established in our case law, as is the plaintiff's entitlement to recover at least nominal damages under § 1983 if he proves [a procedural due process error] without also proving [that the result was wrong]." Edwards, 117 S. Ct. at 1587 (citing Carey v. Piphus, 435 U.S. 247, 260 (1978)). That is, the procedural error might be harmless to the outcome of the claimant's hearing.

[4] Similarly, an insufficiency of the evidence claim can be cognizable in § 1983. Because the burden of evidence required to support the disciplinary hearing officer's decision to revoke good time credits is minimal, we could find a procedural violation

10

Mr. Janke's cognizable remedy is a writ of habeas corpus under 28 U.S.C. § 2254. "The district court could liberally construe his complaint as a section 2254 petition." Smith, 899 F.2d at 951. The magistrate judge addressed this issue, finding nothing in the record to suggest that Mr. Janke had exhausted his state court remedies. See Rec. doc. 55 at 10. Although the district court adopted nearly all of the magistrate's recommendations, it stated it "need not reach [the magistrate judge's] alternate conclusion that Mr. Janke's case is a petition for habeas corpus as to which he has not exhausted state remedies." Id. doc. 57 at 5. We have closely examined the record, and we agree with the magistrate judge's report that Mr. Janke has not exhausted his state court remedies on his claims that he is entitled to restoration of his good time credits. Therefore, we dismiss these claims without prejudice.

---

without implying the invalidity of the loss of the claimant's good-time credits. See Edwards, 117 S. Ct. at 1588-89 (suggesting that where the challenge is based on an insufficiency of the evidence, a finding of a procedural due process violation may not implicate the invalidity of defendant's conviction); Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996) ("If there is some evidence to support the disciplinary [hearing officer's] decision to revoke good time credits, then the requirements of procedural due process have been met.").

Here, however, Mr. Janke couples his insufficiency of the evidence claim with his inability to present witnesses and evidence, and we are unwilling to supply Mr. Janke with arguments, nor to extend the dicta in Edwards to this case. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for [claimant] in the absence of any discussion of those issues.") (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

11

## III. CONCLUSION

Accordingly, we affirm the district court's grant of summary judgment to the defendants dismissing Mr. Janke's § 1983 claims regarding punitive and administrative segregation. We also affirm the district court's grant of summary judgment to the defendants dismissing Mr. Janke's claims for declaratory and injunctive relief of restoration of his good time credits and his related claims for money damages, but for a different reason. These claims are not yet cognizable under § 1983 and remain unexhausted claims for habeas corpus relief.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge