**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERWIN BARTLETT,

    Plaintiff - Appellant,

v.

CORRECTIONAL MEDICAL
SERVICES, INC.; LARRY RUSTIMIER,
Physician Assistant; JOE WISE, Medical
Director; HARVEY STOWE, Physician
Assistant; MARY JONES, Doctor; DR.
ETTINGER; DR. SWABOLA; DR.
ROBESON; ELI FRESQUEZ, Bureau
Chief of Health Services; DAVID
ARCHULETA, Housing and Security
Administrator; ELMER BUSTOS,
Associate Warden; JOHN SHANKS,
Warden; JOHN DOE, Doctors 1-3; and
KENNETH TREMKO, Programs Director,

    Defendants - Appellees.

No. 97-2160

(D. New Mexico)

(D.C. No. CIV-96-1620-SC)

---

**ORDER AND JUDGMENT***

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Erwin Bartlett, an inmate at the New Mexico penitentiary, appeals from the dismissal, for failure to state a claim, of his 42 U.S.C. § 1983 action against numerous medical and other corrections personnel. He alleges in his complaint that he is being cruelly and unusually punished in violation of the Eighth Amendment because the defendants: refuse to treat his hepatitis C with Interferon Alpha, an FDA approved drug; refuse to provide a special diet for those having hepatitis C; refuse medication for his pain, nausea and other hepatitis symptoms; and refuse to let him "lay-in" when his hepatitis symptoms render him too weak and sick to work.

Mr. Bartlett's complaint, inclusive of its attachments, shows on its face that treatment of hepatitis C with interferon Alpha is only effective in 20% of cases. R. Vol. I, Tab 1 at 9. Additionally, Bartlett's attachments indicate that relapse is common with such treatment (50% of cases), and that the treatment may cause serious side effects such as neuropsychiatric symptoms. Id., Tab. I at Ex. A, p.4. In such cases, doses must be reduced to potentially ineffective levels in 14% of cases and completely stopped in 7% of cases. Id. Thus, while Bartlett complains

that some defendants misleadingly refer to interferon A as experimental, obviously such references concern the questionable, marginally effective, and problematic usefulness of this drug treatment.

Notwithstanding Mr. Bartlett's allegations about the state's refusing treatment solely on financial grounds, the complaint shows that this is a quarrel between Mr. Bartlett and multiple doctors regarding the appropriate handling of his medical condition. As the district court correctly noted, a difference over medical treatment does not state an Eighth Amendment claim of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

Mr. Bartlett also alleges violations of existing policies and failure to include hepatitis C on the list of chronic medical conditions governed by special policies. While corrections authorities may, and probably will, develop guidelines regarding the use of interferon A for treating some inmates, neither the cited policies or regulations, or the absence of a policy, confers a constitutional right under the Fourteenth Amendment. See Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 2300 (1995).

Accordingly, for these reasons and substantially for those stated in the Memorandum Opinion of the district court, filed April 29, 1997, we affirm the

district court's dismissal of the complaint for failure to state a claim about these issues.

The district court did not specifically address Mr. Bartlett's claims regarding denial of treatment for allegedly excruciating symptoms stemming from what we assume for this analysis is a serious case of hepatitis C: pain, nausea, and fatigue. And, the district court did not address related claims concerning the need for, and denial of, a special diet, or Mr. Bartlett's allegedly being forced to work when unable.

As for these claims, Mr. Bartlett's complaint fails adequately to show personal participation by most of the defendants, see Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation of a § 1983 claim) and Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations are insufficient); or, the requisite culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 298-99 (1991); Estelle, 429 U.S. at 104; Handy, 996 F.2d at 1066-67.

However, taking the allegations of the complaint as true, we cannot say the same for five of the defendants: Warden John Shanks, Medical Director Joe Wise, Dr. Mary Jones, Physician Assistant Harvey Stowe, and Physician Assistant Larry Rustimier. Because no report pursuant to Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978) or Gee v. Estes, 829 F.2d 1005, 1007-08 (10th Cir. 1987),

-4-

was obtained from the prison, we cannot tell whether Mr. Bartlett's complaints as to these defendants rise to the level of seriousness or risk to Mr. Bartlett's health, or degree of subjective culpability, necessary to state an Eighth Amendment claim of denial of medical care. See Estelle, 429 U.S. at 104-05. While such a report or related hearing may not be used to resolve disputed issues of fact or to pass on the credibility of witnesses, see Janke v. Price, 43 F.3d 1390, 1392 (10th Cir. 1994); Gee, 829 F.2d at 1007, it is useful in informing the allegations of the complaint and digging beneath conclusory allegations. Gee, 829 F.2d at 1007; Hall, 935 F.2d at 1109. And, affidavits and additional materials may go further and permit disposition of the case on summary judgment, see, *e.g.*, Handy, 996 F.2d at 1065-69; but, of course, that would require service of the complaint, an answer and a motion. In any event, we are obliged at this juncture to reverse the judgment of the district court as to these five defendants with respect to the claims indicated.

Accordingly, we AFFIRM the judgment of the district court in part, REVERSE in part, and REMAND for further proceedings.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge