FILED
United States Court of Appeals
Tenth Circuit

June 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES R. DAWSON, JR.,

     Plaintiff - Appellant,

v.

CYNTHIA COFFMAN,

     Defendant - Appellee.

No. 15-1365
(D.C. No. 1:14-CV-01919-MSK-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     Mr. James Dawson, Jr. filed a complaint under 42 U.S.C. § 1983, alleging denial of due process and equal protection. The district court dismissed the complaint for failure to state a valid claim, and we affirm.

---

[*]     The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

## I.   The Taking of Blood and Urine Samples, the Conviction, and Amendment of State Law

Facing state charges involving violent crimes, Mr. Dawson alleged diminished capacity based on intoxication and a drug-related mental impairment. In light of these allegations, the state trial court ordered law enforcement officers to take blood and urine samples from Mr. Dawson. The samples were collected but not tested.

The jury found Mr. Dawson guilty of second-degree murder, attempted second-degree murder, second-degree assault, and commission of a crime of violence. Mr. Dawson's blood and urine samples were subsequently lost or destroyed.

Many years later, Colorado amended its laws to authorize judicial remedies when law enforcement officials negligently lose or destroy biological evidence. *See* Colo. Rev. Stat. § 18-1-414(b). Mr. Dawson learned that his blood and urine samples were no longer available and invoked the new law, but the state courts denied relief on grounds that the new law (1) did not apply when a criminal suspect presents a diminished-capacity defense because the law applies only to a defense of actual innocence and (2) applies only to DNA evidence, not to blood and urine samples collected to test the presence of intoxicants.

2

## II.    Mr. Dawson's Claims and Our Disposition

Dissatisfied with the state-court outcome, Mr. Dawson brought the present action, claiming that the limitations on the new law constituted denials of due process and equal protection.[1] With these claims, Mr. Dawson requested leave to avoid prepayment of the filing fee.

The district court denied relief from the prepayment obligation and dismissed the claims. Mr. Dawson renews his request for leave to proceed without prepayment of the filing fee and appeals the dismissal.

We grant Mr. Dawson relief from the prepayment obligation but affirm the dismissal.

## III.    Leave to Avoid Prepayment of the Filing Fee

Ordinarily, appellants must prepay the filing fee before we will entertain an appeal. Fed. R. App. P. 3(e). An exception exists for

---

[1]    Mr. Dawson also argues that the district court erred by (1) recharacterizing his claims as challenges to the state court judgment, (2) recharacterizing his § 1983 suit as an application for relief under 28 U.S.C. § 2254, and (3) holding that his claims were time barred. The district court did none of these things. The district court

- expressly declined to construe Mr. Dawson's claims as challenges to the state-court judgment,

- held that § 1983, rather than § 2254, was the proper vehicle for Mr. Dawson's claims, and

- declined to decide whether the claims were time barred.

3

indigent litigants. 28 U.S.C. § 1915(a)(1) (2012). This exception applies because Mr. Dawson is indigent, preventing him from prepaying the filing fee. As a result, we grant relief from the prepayment obligation.[2]

## IV.   Dismissal of the Due Process and Equal Protection Claims

The district court concluded that the statutory limitations on relief did not violate Mr. Dawson's right to due process or equal protection.

---

[2]    As a prisoner, Mr. Dawson is subject to the Prison Litigation Reform Act. This statute restricts relief from the prepayment obligation when a prisoner has brought at least three "prior" suits that had been dismissed based on frivolousness, maliciousness, or failure to state a valid claim. 28 U.S.C. § 1915(g) (2012).

Before filing this appeal, Mr. Dawson brought two suits that had been dismissed for frivolousness or failure to state a valid claim. This appeal involves Mr. Dawson's third dismissal for frivolousness, maliciousness, or failure to state a valid claim.

The Supreme Court recently noted the existence of an open question on whether the appeal of a prisoner's third dismissal triggers the statutory restriction on relief from the prepayment obligation. *Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1765 (2015). But we had previously held in *Pigg v. FBI* that a third dismissal does not trigger the statutory restriction when the third dismissal is the ruling being appealed. *Pigg v. FBI*, 106 F.3d 1497, 1498 (10th Cir. 1997) (per curiam). For this holding, we relied on the common understanding of the word "prior" in § 1915(g). *Id.* A dismissal would not be considered "prior" if it is the decision underlying the appeal. *Id.*; *accord Richey v. Dahne*, 807 F.3d 1202, 1209-10 (9th Cir. 2015) (concluding that the appeal of a third dismissal should not count as a "prior occasion," relying in part on *Coleman v. Tollefson*,  __ U.S. __, 135 S. Ct. 1759 (2015)).

Under *Pigg*, this appeal of Mr. Dawson's third dismissal does not restrict his eligibility for relief from the prepayment obligation.

4

Accordingly, the district court dismissed the complaint for failure to state a valid claim.

We review this dismissal de novo. *Janke v. Price*, 43 F.3d 1390, 1391 (10th Cir. 1994). In conducting de novo review, we accept as true all of Mr. Dawson's well-pleaded factual allegations and view them in the light most favorable to Mr. Dawson. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009). The resulting question is whether the complaint contains facts stating a plausible claim for relief. *Id.*

The district court's explanation for the dismissal is thorough and persuasive. As the district court explained, Colorado may set rational limits on its newly authorized judicial remedy for the loss or destruction of biological evidence. These statutory limits precluded Mr. Dawson from obtaining a judicial remedy because he did not claim actual innocence in his state-court criminal proceedings, and his blood and urine samples did not involve DNA evidence. As the district court explained, Mr. Dawson's inability to obtain a judicial remedy did not result in a denial of due process or equal protection. Accordingly, we affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5